**Juan Hipolito MELCHOR–CANO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–77271.**

United States Court of Appeals, Ninth Circuit.

July 3, 2006.

Juan Hipolito Melchor–Cano, Compton, CA, pro se.

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San

Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, TALLMAN and CALLAHAN, Circuit Judges.*

MEMORANDUM **

PER CURIAM.

The court has reviewed the response to the court's February 24, 2006 order to show cause, as well as the underlying merits of petitioner's claim for relief in the form of cancellation of removal. *See Lin v. Ashcroft,* 377 F.3d 1014, 1027 (9th Cir. 2004) (holding that the court "must consider the underlying merits of the case to come to a tentative conclusion as to whether [a petitioner's] claim, if properly presented, would be viable," notwithstanding the alleged ineffective assistance of counsel).

We conclude that petitioner has failed to demonstrate that the Board of Immigration Appeals (BIA) abused its discretion in denying petitioner's motion to reopen. *See Lara–Torres v. Ashcroft,* 383 F.3d 968 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005) (the court reviews denials of motions to reopen or reconsider for abuse of discretion). Specifically, the BIA did not abuse its discretion when it determined that petitioner was not prejudiced by the alleged ineffective assistance of counsel. *See* 8 U.S.C. § 1229b(d)(1); *Mohammed v. Gonzales,* 400 F.3d 785, 793–94 (9th Cir. 2005). Accordingly, we *sua sponte* deny this petition for review.

DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

PREGERSON, Circuit Judge, dissenting.

I dissent. This case, and the sixty-four others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process because circumstances will force children to suffer de facto expulsion from the country of their birth or forego their constitutionally protected right to remain in this country with their family intact. *See, e.g., Moore v. City of E. Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

Furthermore, as a nation we should recognize that many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.